**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4099-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAVAN JOHNSON,
a/k/a JAVAN R. JOHNSON,

    Defendant-Appellant.

_____

Submitted August 11, 2025 – Decided August 25, 2025

Before Judges Puglisi and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 22-06-0410.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, on the statement in lieu of brief).

PER CURIAM

Defendant Javan Johnson appeals from a June 27, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant repeats two of the claims raised before the PCR judge:

> POINT I
> THE PCR [JUDGE] ERRED IN DENYING THE PETITION WITHOUT AN EVIDENTIARY HEARING BECAUSE THE PETITIONER ESTABLISHED A PRIMA FACIE CASE THAT TRIAL COUNSEL WAS INEFFECTIVE IN ELICITING AN INSUFFICIENT FACTUAL BASIS FOR THE PLEA.
>
> POINT II
> THE PCR [JUDGE] ERRED IN DENYING THE PETITION WITHOUT AN EVIDENTIARY HEARING BECAUSE THE PETITIONER ESTABLISHED A PRIMA FACIE CASE THAT TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO INVESTIGATE A PASSION-PROVOCATION DEFENSE.

In a cogent decision, Judge Thomas K. Isenhour—who also entered defendant's guilty plea and imposed sentence—comprehensively analyzed these issues in view of the governing law. We have considered defendant's arguments in light of the applicable law and affirm substantially for the reasons set forth by Judge Isenhour in his written decision, adding only the following brief comments.

Defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-

4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). Pursuant to a negotiated plea agreement, defendant pled guilty to the amended charge of first-degree aggravated manslaughter, and the State agreed to recommend a sentence of twenty-five years imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and to dismiss the remaining charges.

During the plea colloquy, the judge questioned defendant extensively regarding the voluntariness of his decision to plead guilty and his understanding of the consequences of his plea. Defendant stated that he was satisfied with the services of his trial counsel, was not being forced or threatened to plead guilty, and was knowingly and voluntarily waiving his trial rights. In response to the judge's question, trial counsel confirmed that she was satisfied defendant knowingly, voluntarily, and intelligently entered the plea, and that she reviewed "all possible defenses" with defendant. The plea judge accepted defendant's plea and scheduled a sentencing hearing.

Consistent with the plea agreement, the judge sentenced defendant to twenty-five years imprisonment subject to an eighty-five percent period of parole ineligibility. Although advised of his right to appeal, defendant did not appeal from the conviction or sentence.

A-4099-23

Defendant filed a PCR petition, alleging ineffective assistance of counsel based on an inadequate factual basis during the guilty plea and failure to investigate passion/provocation manslaughter defense. The State opposed defendant's petition.

The PCR judge issued a written decision and accompanying order, denying defendant's application without an evidentiary hearing. The judge addressed each of defendant's ineffective assistance of counsel claims and concluded that none of the claims, either individually or cumulatively, established a prima facie showing of ineffective assistance of counsel entitling defendant to an evidentiary hearing.

Regarding defendant's claim that his factual basis was inadequate because causation had not been established, the PCR judge concluded that "[a]lthough [defendant] did not explicitly state that he caused the victim's death, this was an uncontested issue." The PCR judge evaluated the context of the plea and found that defendant's "act of swinging the knife at the victim caused the victim's death." The judge concluded that even if defendant established the factual basis was deficient, he was unable to demonstrate he was prejudiced by the deficiency.

Regarding defendant's claim that trial counsel failed to investigate potential defenses, the PCR judge reviewed each potential defense and found

the evidence demonstrated defendant acted with purpose; therefore, the potential defenses of both passion/provocation and diminished capacity were without merit. Furthermore, the PCR judge concluded defendant failed to show how he was prejudiced and failed to provide support for his assertions regarding these possible defenses. Thus, the PCR judge determined defendant failed to establish trial counsel's deficiency or that he was prejudiced by any alleged deficiency.

On a PCR petition, a defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)). In other words, a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. To obtain relief based on ineffective assistance grounds, a defendant must show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

For the first time on appeal in a letter in lieu of a brief, the State presents a different position than the one it took before the PCR judge, conceding defendant's claim of an inadequate factual basis and agreeing to vacatur of

defendant's guilty plea. However, our review on appeal is limited to the record before the PCR judge and whether the PCR judge's decision was supported by that record. See State v. Golotta, 178 N.J. 205, 211-12 (2003); R. 2:5-4(a). On the record before us, we discern no error in the PCR judge's finding defendant failed to satisfy either prong of the Strickland-Fritz test.[1] Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

---

[1] Although defendant did not move to vacate his guilty plea, nothing precludes him from seeking such relief, as stated in the State's April 23, 2025 letter submitted in response to defendant's appeal from denial of PCR.

A-4099-23